IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2013 FEB 27 P 2: 52
U.S. DISTRICT COURT
DISTRICT OF MASS.

Shaun J. McHugh )
)
    Plaintiff. )
)
-v- ) Civil Action
)
PROFESSIONAL RECOVERY SERVICES SE ) No.13-10135-WGY
PROFESSIONAL RECOVERY SERVICES INC )
)
    Defendant )
)

## SECOND AMENDED COMPLAINT

1. Plaintiff, Shaun J. McHugh, hereby sues Defendants, PROFESSIONAL RECOVERY SERVICES SE ("Professional Recovery Services Se"), an unknown entity and PROFESSIONAL RECOVERY SERVICES INC.(Professional Recovery Services Inc.") a New Jersey Corporation.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p. This court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C.§ 1367a and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C.§1391(b).

## PARTIES

3. Plaintiff, Shaun McHugh, is a natural person and is a resident of the State of Massachusetts, county of Suffolk..

4. Plaintiff is a "consumer' within the meaning of the FDCPA 15 U.S.C.§1692a(3), as well as within the meaning of the FCRA 15 U.S.C.§1681a(c)

5. Defendant, PROFESSIONAL RECOVERY SERVICES SE ("Professional Recovery Services Se"),is an unknown entity, not authorized to do business in Massachusetts

6. Defendant PROFESSIONAL RECOVERY SERVICES INC.(Professional Recovery Services Inc."), is a New Jersey Corporation authorized to do business in Massachusetts.

7.Defendant Professional Recovery Services Inc. is a "debt collector" within the meaning of the FDCPA 15 USC § 1692a(6).

8. Defendant Professional Recovery Services Inc and Professional Recovery Services Se are a "furnishers of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## PRELIMINARY STATEMENT

10. This is an action for actual or statutory damages, costs and statutory attorney's fees and arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 et seq.;Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et. Seq.;.Massachusetts Fair Credit Reporting Act; Telephone Consumer Protection Act("TCPA")

47 USC § 227 et seq.;("M.G.L. C 93§ 50-68"); Regulation of Business Practice and the Massachusetts Protection Act ("M.G.L. c. 93A § 1-11") a.k.a. the Code of Massachusetts Regulation ("CMR")209 CMR 18.00

## FACTUAL ALLEGATIONS

11. In July of 2012 I received a letter from Professional Recovery Services Inc. claiming I owed them $2570.30 for a debt. Prior to receiving aforementioned letter I never heard of Professional Recovery Services Inc.

12. Plaintiff has a cellular telephone assigned a telephone number. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

13. Defendant uses one or more telephone systems that are capable of dialing telephone numbers without human intervention (i.e. the system, rather than a human being, dials the telephone numbers to make the calls). For purposes of this complaint, such a telephoning system will be referred to as an "Automated Dialer."

14. Upon information and belief, Defendants calls originated from telephone numbers: 866-464-1013; 888-613-0232 and 866-531-2120.

15. Upon information and belief, one or more of defendant's calls to Plaintiff's telephone number were made using an Automated Dialer.

16. Upon information and belief, Defendants utilized an Automated Dialer to make calls to Plaintiff's telephone number.

17. Upon information and belief, one or more of the Automated Dialer(s) defendant uses are capable of delivering a "form or "stock" audio message that has been previously recorded (i.e. the same recorded message, or copy thereof, is used over and over for different

calls). For purposes of this complaint, such a message shall be referred to as a "Prerecorded Message."

18. On information and belief the Automated Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers that have been imputed into a data base.

19. The Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 and has never given Defendant his consent to call him at anytime.

20. Defendant called Plaintiff's cell phone six (6) times. These calls were made on July 10, 2012, December 14, 2012, January3, 2013, twice on January 15, 2013 and on January 18, 2013.

22. On April 5, 2012 and again on July 10, 2012 Professional Recovery Services Se, pulled my personal credit report from Trans Union.

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT PROFESSIONAL RECOVERY SERVICES INC.

23. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

24. Defendant Professional Recovery Services Inc violated the FDCPA. Defendant's violations include, but are not limited to the following:

   (a) Defendant violated 15 U.S.C. §1692d(6) by telephoning Plaintiff without identifying himself.

   (b) Defendant Professional Recovery Services Inc. violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information

which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(c) Defendant Professional Recovery Services Inc violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d) Defendant Professional Recovery Services Inc violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt. collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $1,000 against Professional Recovery Services Inc. for actual or statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANTS PROFESSIONAL RECOVERY SERVICES INC. AND PROFESSIONAL RECOVERY SERVICES SE

25. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

26. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

27. Defendants Professional Recovery Services Inc. and Professional Recovery Services Se are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

28. Defendants Professional Recovery Services Inc. and Professional Recovery Services Se. willfully violated the FCRA 15 U.S.C. §1681b(f) twice by obtaining plaintiff's consumer report on April 5, 2012 and again on July 10, 2012 without a permissible purpose as defined by 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $2,000 ($1,000 per violation) against Professional Recovery Services Inc. and Professional Recovery Services Se. for actual or statutory damages, as well as attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### NEGLIGENT NON-COMPLIANCE BY DEFENDANT PROFESSIONAL RECOVERY SERVICES INC AND PROFESSIONAL RECOVERY SERVICES SE

29. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

30. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

31. Defendants Professional Recovery Services Inc. and Professional Recovery Services Se. are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

32. Defendants Professional Recovery Services Inc. and Professional Recovery Services Se. negligently violated the FCRA 15 U.S.C. §1681b(f) twice by obtaining plaintiff's consumer report on April 5, 2012 and again on July 10, 2012 without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Professional Recovery Services Inc. and Professional Recovery Services Se for the amount of $2,000 ($1000 per violation) for actual or statutory damages, as well as attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

### COUNT IV
### VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. §227 BY DEFENDANT
### PROFESSIONAL RECOVERY SERVICES INC.

33. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

34. Defendant Professional Recovery Services Inc has demonstrated willful or knowing non-compliance within 47 U.S.C. §227(b)(1)(A)(iii) by using an automated dialing

system to call the Plaintiff's number, which is assigned to a cellular telephone service six (6) times.

35. Plaintiff received six (6) phone calls from Defendant, who failed to state at the beginning of the prerecorded message the identity of the business, individual, or other entity initiating the call in violation of 47 U.S.C. § 227(d)(3)(A)(i).

36. Plaintiff received six (6) non-emergency calls from Defendant to his cellular phone.

37. Plaintiff does not have an established business relationship within the meaning of 47 U.S.C. § 227 with Professional Recovery Services Inc and Plaintiff never gave Professional Recovery Services Inc express consent to call him at any time.

38. Defendant has violated 47 U.S.C. § 227 four (4) times every time they called. Pursuant to 47 U. S. C. § 227(b)(3) Plaintiff can recover for actual monetary loss from such violations, or receive $500 in damages for each such violation per call, whichever is greater, or both such actions. If the court finds that the defendant willfully or knowingly violated this subsection the court may, in its discretion, increase the amount of the award to an amount equal to not more than four (4) times the amount available under sub-paragraph (B) per violation. Defendants further violated M.G.L. c. 93A by virtue of violating the TCPA pursuant to 940 C.M.R. § 3.16.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Professional Recovery Services Inc for $3,000 for actual or statutory damages, as well as attorney's fees and costs.

## COUNT V
## VIOLATIONS OF THE CODE OF MASSACHUSETTS REGULATIONS ("C.M.R."), 209 C.M.R. 18.00 et seq. aka M.G.L. 93 § 24-48 BY DEFENDANT PROFESSIONAL RECOVERY SERVICES INC.

39. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

40. Plaintiff is a Consumer within the meaning CMR 18.02

41. Debt is within the meaning of CMR 18.02

42. Defendants Professional Recovery Services Inc and Professional Recovery Services Se are Debt Collectors within the meaning of CMR 18.02

43. Defendants Professional Recovery Services Inc. and Professional Recovery Services Se violated ("CMR") 209 CMR 18.00 a.k.a.15 U.S.C. §1692e.

44. Defendant's violations include, but are not limited to the following:

> (1)(a) CMR 18.14 Communication with the consumer generally, without prior consent of the consumer given directly to the debt collector , or the express permission of a court of competent jurisdiction a debt collector may not communicate with a consumer in connection with the collection of any debt.
> (b) CMR 18.16(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.
> (c) CMR 18.18 Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(I). the amount of the debt;

(II). the name of the creditor to whom the debt is owed;

(III). a statement that unless the consumer, within thirty days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(IV), a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(V). a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(2). If the consumer notifies the debt collector in writing within the thirty-day period described in 209 CMR 18.18(1) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(3) A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:

(a) All papers or copies of papers, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected;

(b) A ledger, account card, or similar record in the possession of a debt collector, which reflects the date and amount of payments, credits, and charges concerning the debt.

(4) The failure of a consumer to dispute the validity of a debt under 209 CMR 18.18 may not be construed by any court as an admission of liability by the consumer.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Professional Recovery Services Inc. and Professional Recovery Services Se in the amount of $1,000 for actual or statutory damages, as well as attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act (FDCPA)15 U.S.C.§1692k

45. Plaintiff sent a notice to Professional Recovery Services Inc. in an attempt to reach a settlement before taking any civil actions against the defendant. The defendant never responded, therefore Plaintiff seeks damages in this honorable court.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants Professional Recovery Services, Inc and Professional Recovery Services Se for **$9,000** for actual or statutory damages, as well as attorney's fees and costs, pursuant to 47 U. S. C. § 227(b)(3), 15 U.S.C.§1681n.(a)(3), 15 U.S.C. §1681o (a) and 15 U.S.C.§1692k.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 28, 2013


Respectfully submitted,

*[signature]*

Shaun J. McHugh
38 Ransom Road Unit 12A
Brighton, MA 02135